Filed 8/19/14  P. v. Robertson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074507 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F05890) |
| v. | |
| CURTIS EUGENE ROBERTSON, | |
| Defendant and Appellant. | |

A jury found defendant Curtis Eugene Robertson guilty of possession of child pornography and in bifurcated proceedings, the trial court found true defendant had three prior strike convictions.  The trial court denied defendant's *Romero*[1] motion to strike his prior serious felony convictions and sentenced him to a term of 25 years to life.  On

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

1

appeal, defendant contends the trial court abused its discretion in denying his *Romero* motion.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

After identifying a user downloading child pornography files, including images of children, ages five to 13 years old engaged in a variety of sexual acts, California Department of Justice Special Agent Michael Sparks obtained a search warrant for defendant's home.  The search revealed two computer data drives and a CD.  Defendant told the officers, "Everything is from the internet, Limewire."  Limewire is a program used for sharing and downloading child pornography, amongst many other things.  On the computer, Sparks found 17 child pornography videos.  Other files contained images of child pornography depicting children of both sexes under 13 years old in various sexual acts.  One of the files had the name "Jenny" in the file name.  That file had been played at some point on or before March 18, 2010.  This video was part of a series known as the Jenny series, in which the victim was identified and the individual who produced the series was prosecuted.  The CD also contained child pornography and another video file of Jenny.  She was eight or nine years old at the time the video was made.  There were also approximately 20 nude photographs of defendant in sexually explicit poses.

When Sparks started defendant's computer using a special program, the Limewire program finished downloading several files that were in the queue.  The names were consistent with child pornography.

Defendant had four prior strike convictions for rape by force or fear, sodomy by force or fear, oral copulation by force or fear, and residential burglary.  Before sentencing, defendant filed a *Romero* motion to strike some or all of his prior convictions under the three strikes law.  Defendant argued each of his four strike convictions resulted from a single prosecution, a single night of aberrant behavior.  He contended other than a single parole violation shortly after his release from prison in 1996; he had no additional parole violations, arrests, or convictions until the current offenses.  After his release, he

2

married and helped raise a daughter and remained gainfully employed. His current offense was nonviolent and not serious. He contended without the strikes, he would still receive a substantial sentence of six years in state prison.

The People, in turn, noted three of defendant's strike offenses were sexually violent offenses subjecting him to an indeterminate term of 25 years to life. Defendant's prior strikes arose after he broke into a 64-year-old woman's home and forcibly raped and sodomized her and forced her to orally copulate him. He repeatedly threatened her with a gun and a knife and threatened to kill her if she told anyone. Shortly after being released from prison on the prior strikes, defendant solicited an undercover officer for oral sex. The People argued defendant's current offense showed an affinity for watching children have sex forced upon them, while his prior strike convictions arose from three separate acts of forcing sex upon a particularly vulnerable victim. The People concluded defendant fell squarely within "the spirit of the Three Strikes law."

The trial court read the defense motion and the People's response and was familiar with the facts of the case and defendant's history. The trial court found it was not an appropriate case in which to exercise its discretion under *Romero*, and that 25 years to life was the appropriate sentence in light of the nature of the offense and the particular items of pornography defendant possessed. Accordingly, the trial court denied defendant's motion. The trial court sentenced defendant to state prison for 25 years to life. The trial court ordered defendant to pay a $10,000 restitution fine (Pen. Code, § 1202.4) and imposed and stayed a $10,000 parole revocation fine (Pen. Code, §1202.45). The trial court also ordered defendant to pay a $287.78 main jail booking fee (Gov. Code, § 29550.2), a $59.23 main jail classification fee (Gov. Code, § 29550.2), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court security fee (§ 1465.8). The trial court awarded defendant 1,824 days of presentence custody credits.

DISCUSSION

A trial court has the discretion to strike a prior serious felony conviction for purposes of sentencing only if the defendant falls outside the spirit of the three strikes law. (Pen. Code, § 1385; *People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at pp. 529-530.) In deciding whether to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.)

A trial court's ruling on a motion to strike a prior strike is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) Defendant has the burden of establishing that a trial court's denial of such motion was arbitrary or irrational, such as where the trial court was not aware of its discretion, considered impermissible factors, or imposed a sentence that is absurd under the particular facts of the case. (*Id*. at pp. 376-377.)

The record here does not affirmatively demonstrate the trial court failed to consider all the relevant factors in ruling on defendant's *Romero* motion. These factors, and the specific claims defendant now makes, were thoroughly covered in the briefs filed by the parties below. The court expressly indicated it had read the briefs of the parties. Thus, we can presume the court was aware of the factors it was required to consider. Contrary to defendant's suggestion, the court's comments focusing on the nature and circumstances of defendant's current offense do not affirmatively demonstrate the court only considered that factor in ruling on the motion.

Furthermore, contrary to defendant's claim, although his prior strike convictions arose from conduct on a single night, it involved three separate violent sexual offenses.

4

In addition, defendant's record of solicitation and possessing child pornography suggest his behavior was not aberrant. Rather, defendant's conduct shows "a propensity for sex offenses, and in particular, a fascination with imposing sex on those [who] do not and cannot defend themselves." There is no basis on the record before us for us to conclude the trial court did not appreciate the scope of its discretion and failed to properly exercise it in denying the *Romero* motion. On the record before it, the trial court's decision was neither arbitrary nor irrational. We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


     ROBIE     , J.


We concur:


     RAYE     , P. J.


     HOCH     , J.